# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

TRUSTEES OF THE CHICAGO PAINTERS AND )
DECORATORS PENSION, WELFARE, SAVINGS, )
APPRENTICESHIP, SCHOLARSHIP, AND JOINT )
COOPERATION TRUST FUNDS, )
)
               Plaintiffs, )
)
v. )
)
R. E. RUSSELL PAINTING COMPANY, INC., )
an Illinois corporation )
)
               Defendant. )

**FILED**

**MARCH 4, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**PH**

No.    **08 C 1303**

Judge

**JUDGE MANNING**
**MAGISTRATE JUDGE SCHENKIER**
Magistrate Judge

## COMPLAINT

Plaintiffs, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION, WELFARE, SAVINGS, APPRENTICESHIP, SCHOLARSHIP AND JOINT COOPERATION TRUST FUNDS, by and through their attorneys, DONALD D. SCHWARTZ, JAMES R. ANDERSON, ANTHONY B. SANDERS and ARNOLD AND KADJAN, complain against the Defendant, **R.E. RUSSELL PAINTING COMPANY, INC.,** as follows:

### COUNT I

#### Jurisdiction and Venue

1.     This Court has subject matter jurisdiction pursuant to Section 301 of the National Labor Relations Act, as amended, 29 U.S.C. 185(a), and Section 502 of the Employee Retirement Security Act (ERISA) of 1974, as amended, 29 U.S.C. Section 1132(e)(1), 1145 and 28 U.S.C. Section 1331.

2.     The Northern District of Illinois is the proper venue pursuant to 29 U.S.C. Section

1132(e) as the Plaintiffs Funds are administered here in this judicial district.

### The Parties

3.    The Plaintiffs are the Trustees of the Chicago Painters and Decorators Pension, Welfare, Savings, Apprenticeship, Scholarship, and Joint Cooperation Trust Funds ("the Funds"), and have standing to sue pursuant to 29 U.S.C. Section1132(d)(1).

4.    The Funds have been established pursuant to Collective Bargaining Agreements previously entered into between the Painters' District Council No. 14 and its affiliated locals (the "Union"), and certain employer associations whose employees are or were covered by one or more Collective Bargaining Agreements with the Union.

5.    The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, 29 U.S.C. Section 186 et. seq., and the Employee Retirement Security Act, 29 U.S.C. Section 1001, et. seq., and also pursuant to the terms and provisions of the Collective Bargaining Agreements and Declarations of Trust ("Trust Agreements") which established the Funds.

6.    Defendant, **R.E. RUSSELL PAINTING COMPANY, INC. ("RUSSELL")**, an Illinois corporation, is an employer engaged in an industry affecting commerce which since at least 1981 entered into a Collective Bargaining Agreement with the Union ("Labor Agreement") whereby **RUSSELL**  agreed to be bound by the provisions of the Labor Agreement and any subsequent agreements negotiated between the Union and certain employer associations.

### The Agreements

7.    Pursuant to the provisions of the Labor Agreement, **RUSSELL**  is bound to the Trust Agreements and is required to make periodic contributions to the Funds for each hour worked by its

bargaining unit employees working within the occupational and jurisdictional scope described therein at the rate and in the manner specified by the Labor Agreement and the Trust Agreements. In addition, **RUSSELL** is required to make contributions to the Funds measured by hours worked by subcontractors performing painters' or tapers' work who fail to make contributions to the Funds.

8.      Under the terms of the Labor Agreement and Trust Agreements to which it is bound, **RUSSELL** is required to submit all necessary books and records to Plaintiffs' auditor for the purpose of determining whether or not **RUSSELL** is in compliance with its obligation to contribute to the Funds.  In addition, the Labor Agreement and the Trust Agreements require **RUSSELL** to pay liquidated damages, auditor fees, and all attorneys' fees and court costs incurred by the Funds in the collection process.

**The Claim**

9.      **RUSSELL** has breached the provisions of the Labor Agreement and Trust Agreements by failing to make all of the contributions owed to the funds based on an audit for the period from through January 2006 through August 31, 2007, in an amount not presently precisely ascertainable but which includes on information and belief at least $284.96 in contributions, and $8,823,12 in unpaid liquidated damages.

10.      **RUSSELL** has also breached the provisions of the Labor Agreement and Trust Agreements by failing to make all of the contributions owed to the funds for the work months of October 2007 through the present.

11.      Pursuant to the provisions of the Labor Agreement and Trust Agreements, **RUSSELL** is required to pay liquidated damages, auditor fees and all attorneys's fees and court costs incurred by the Funds in the collection process.

12.    Plaintiffs have complied with all conditions precedent in bringing this suit.

13.    Plaintiffs have been required to employ the undersigned attorneys to collect the monies that may be found to be due and owing from **RUSSELL.**

14.    **RUSSELL** is obligated to pay the attorneys' fees and court costs incurred by the Plaintiffs pursuant to the Labor Agreement, the Trust Agreements, and 29 U.S.C. Section 1132 (g)(D).

15.    Pursuant to 29 U.S.C. Section 1132(g)(2)( c ), Plaintiffs are entitled to an amount equal to the greater of:

(I)    interest on the unpaid contributions; or

(ii)    liquidated damages provided for under the Trust Agreements
        not in excess of 20% of the amount that is due.

### Relief Sought

WHEREFORE, Plaintiffs pray for relief as follows:

A.    That judgment be entered in favor of Plaintiffs and against **RUSSELL** in the amount shown to be due on the audit for the period ending August 31, 2007; and for the unpaid liquidated damages of $8,823.12.

B.    That **RUSSELL** be ordered to produce its reports and contributions for the period from October 2007 through the present;

C.    That **RUSSELL** be ordered to produce books and records for a fringe benefit contribution compliance audit for the period from September 1, 2007 through the present; and that judgment be entered in favor of Plaintiffs and against the Defendant for the amounts shown to be due and owing;

4

D.      That Plaintiffs be awarded their costs herein, including audit costs, interest, reasonable attorneys' fees and court costs incurred in the prosecution of this action, together with liquidated damages in the amount of 20%, all as provided in the Labor Agreement and Trust Agreements and 29 .U.S.C. Section 1132(g);

E.      That **RUSSELL** be enjoined from violating the terms of the Labor Agreement and Trust Agreements by failing to make timely payments to the Funds and to be ordered to resume making those payments;

F.      That **RUSSELL** be ordered to submit to discovery of corporate records and assets to determine if grounds exist to pierce the corporate veil and so obtain individual liability of the officers of **RUSSELL**;

G.      That this Court retain jurisdiction of this matter to supervise enforcement of any resulting money judgment and further supplementary proceedings against **RUSSELL;**

H.      Award such other and further relief as may be appropriate under these circumstances

Respectfully submitted,

TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS
PENSION FUND, et al

By:      S/James R. Anderson
One of their Attorneys

DONALD D. SCHWARTZ
JAMES R. ANDERSON
ANTHONY B. SANDERS
ARNOLD AND KADJAN
19 West Jackson Blvd.
Chicago, Illinois 60604
(312)236-0415

5

Exhibit 1

COLLECTIVE BARGAINING AGREEMENT

THIS AGREEMENT entered into by and between Painters' District
Council No. 14 (hereinafter referred to as "the Union") and
R.E. RUSSELL PAINTING CO
(hereinafter referred to as "the Employer"), WITNESSETH THAT:

WHEREAS the Painting and Decorating Contractors Association and
the Union have not reached a bargaining agreement to become
effective April 1, 1981; and

WHEREAS the parties to this Agreement wish to promote continued
employment, prevent interruption of work, and inconvenience to
the public;

NOW, THEREFORE, IT IS AGREED AS FOLLOWS:

1.     The Employer hereby recognizes the Union as the sole and
exclusive bargaining representative of all the Employer's employees
performing work within the craft and geographic jurisdiction of
the Union.

2.     The Employer acknowledges that he was bound to all terms
and conditions of the Collective Bargaining Agreement between the
Union and either the Painting and Decorating Contractors Associa-
tion or Gypsum Drywall Council of Northern Illinois, as applicable
to him and hereby reaffirms his continuing obligation with respect
to all such provisions, acknowledges the renewal of all such pro-
visions to the extent the same are not inconsistent with the pro-
visions of this Agreement, and hereby agrees to the changes in
said Agreement specifically enumerated herein together with any
other changes subsequently negotiated by and between either
Employer Association and the Union.

3.     The Collective Bargaining Agreement referred to above
goes between the Union and either of the following Employer Asso-
ciations and the first one executed is hereby incorporated herein
with the same force and effect as if set forth in full for the
benefit of all employees in the bargaining units represented by
the Union:

        a.    Painting and Decorating Contractors Association;
        b.    Gypsum Drywall Council of Northern Illinois.

4.     The Employer further acknowledges that with respect to Health
and Welfare, Pension and Deferred Savings Fund Contributions exe-
cuted by him or his agent of the standard reporting forms, either
prior to or subsequent to the date of this Agreement, is a
sufficient instrument in writing to bind him to the obligations
of the expired Collective Bargaining Agreement and the applicable
Trust Agreement for the benefit of employees covered by this
Agreement and/or the Agreement which expired April 1, 1981,
regardless of the geographical location of the job, said contri-
butions to be made to the Fund applicable to each circumstance.

5.     This Agreement shall become effective at 12:01 a.m.,
April 1, 1981, and shall continue in full force and effect until
12:00 Midnight on May 31, 1982, or until superseded by and be-
tween either of the above-named Associations in the Union, in
which case the expiration date of said Association Agreement
will apply hereto.  If either party wishes to modify this Agree-
ment on its expiration, it shall serve notice in writing of such
request upon the other party not less than sixty (60) days prior
to May 31, 1982.  In the absence of the service of such notice,
this Agreement shall automatically renew itself together with

all amendments and improvements as negotiated after said expira-
tion by and between the Union and either of the above-named
Associations from year to year thereafter.

6. The Employer agrees that all wages and fringes shall
be paid retroactive to April 1, 1981.

IN WITNESS WHEREOF, and in consideration of the mutual promise
of the parties hereto, and other good and valuable consideration,
this Agreement was entered into this 28th day of MARCH
_____, 19 81 .

EMPLOYER

FIRM: R.E. RUSSELL
                    (Print)

ADDRESS: 801 N. CATHERINE
                        (Print)

LAGRANGE          ILL.              60525
   (City)        (State)          (Zip Code)

821-0333                          318201
   (Phone)              (Ill. State Unemp. No.)

TRAVELERS INS. CO.
        (Insurance Co. Name)

W.C. 6-UB-32YE488-6-80          3-3-82
        (Policy No.)              (Exp. Date)

3-3-81
   (Dated)                        (Local Union)

               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
            (Social Security Number)


PROOF OF CORPORATION:    ( ) Yes        ( ) No

If signed before:  WHEN  and under what TRADE name

               ROTHWELL - 1978-81


SIGNATURE & TITLE         (Print)

X   Gilbert Russell    Vice President
SIGNATURE
ROBERT RUSSELL

                        PAINTERS' DISTRICT COUNCIL NO. 14

                        By: